[Cite as *ZG Properties, L.L.C. v. Reeves*, 2026-Ohio-2770.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

ZG PROPERTIES, L.L.C.,
MANAGING AGENT FOR MAPLE
EASTLAKE APARTMENTS, L.L.C.,

          Plaintiff-Appellee,

        - vs -

TAYLOR REEVES,

          Defendant-Appellant.

CASE NO. 2025-L-141

Civil Appeal from the
Willoughby Municipal Court

Trial Court No. 2025 CVG 08089

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: July 20, 2026
Judgment: Appeal dismissed

---

*Robert G. Friedman*, and *Rachel E. Cohen*, Powers Friedman Linn, P.L.L., 25550 Chagrin Boulevard, Suite 400, Cleveland, OH 44122 (For Plaintiff-Appellee).

*Taylor Reeves*, pro se, 1490 East 337th St, Apt #A101, Eastlake, OH 44095 (Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Taylor Reeves ("Reeves") appeals from the judgment of the Willoughby Municipal Court finding that Reeves lacked an immediate right to possession of the property at issue and subsequently granting plaintiff-appellee, ZG Properties, L.L.C., a writ of restitution.

{¶2} We recognize that Reeves is proceeding pro se. However, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Corr. Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). "[Pro se civil litigants] are

not to be accorded greater rights and must accept the results of their own mistakes and errors." *Snype v. Cost*, 2012-Ohio-3892, ¶ 6 (11th Dist.), quoting *Karnofel v. Cafaro Mgt. Co.*, 1998 WL 553491, *2 (11th Dist. June 26, 1998), quoting *Meyers v. First Natl. Bank,* 3 Ohio App.3d 209, 210 (1st Dist.1981).

{¶3}   App.R. 16(A) requires an appellant's brief to contain the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

{¶4}   Although Reeves's brief appears to request monetary relief, Reeves's brief otherwise fails to comply with any of the App.R. 16(A) requirements, contains no legal or record citations, and fails to present any cognizable argument for our review. This court previously sua sponte struck Reeves's initial noncompliant brief and afforded Reeves a second opportunity. The second brief remains noncompliant and appears to be AI-

Case No. 2025-L-141

generated, evidenced by the brief's formatting and unexplained placeholder references to "Jane Doe."

{¶5}    While Reeves appears to state that the trial court's judgment was erroneous due to the evidence presented at trial, Reeves has not filed a transcript of the proceedings. App.R. 9(B). Thus, even had Reeves's brief contained a procedurally proper argument, we are left without the ability to evaluate the claim.

{¶6}    We may not "construct legal arguments in support of an appellant's appeal." *Whitehall v. Ruckman*, 2007-Ohio-6780, ¶ 20 (10th Dist.), quoting *State ex rel. Petro v. Gold*, 2006-Ohio-943, ¶ 94 (10th Dist.). "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *Moyer v. Robinson*, 2023-Ohio-764, ¶ 36 (11th Dist.), quoting *Lloyd v. Thornsbery*, 2018-Ohio-2893, ¶ 15 (11th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). "[F]ailure to comply with the requirements of the procedural rules is fatal to any appeal." *Mariano v. Boren's Wallboard*, 1988 WL 96638, *1 (11th Dist. Sept. 16, 1988).

{¶7}    Having found Reeves's brief noncompliant with the rules of appellate procedure and presenting no basis upon which meaningful appellate review may proceed, we dismiss this appeal pursuant to App.R. 18(C). *Accord Grippando-Wright v. Smith,* 2026-Ohio-332, ¶ 14 (5th Dist.).


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-L-141

## JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that the appeal is hereby dismissed.

Costs to be taxed against appellant.

_____
JUDGE ROBERT J. PATTON

_____
JUDGE EUGENE A. LUCCI,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-141